UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CRIM. NO. 5:21-CR-69 (TES)** |
| vs. | : | |
| | : | |
| ANTHONY SPARKS BROWN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and Anthony Sparks Brown, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant her understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf,

1



but that Defendant could not be compelled to do so.  Defendant has discussed these rights with Defendant's attorney.  Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005).  Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny.  Defendant therefore agrees that at sentencing, the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay.  Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)    The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Two of the Indictment which charges Defendant with Distribution of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A).

(B)    That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count Two to a maximum sentence of twenty (20) years imprisonment, a mandatory minimum sentence of five (5) years, a maximum

2



fine of $250,000.00, or both, and a term of supervised release of not less five (5) years, and up to life supervision. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

Additionally, the Defendant agrees that he may be subject to the following:

I.     An assessment of $5,000.00 per count under 18 U.S.C. §3014;

II.    An assessment, pursuant to 18 U.S.C. §2259A, per count of no more than:

   a.  $17,000.00 if convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

   b.  $35,000.00 if convicted of any other trafficking in child pornography offense as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

   c.  $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256);

III.   Not less than $3000.00 in mandatory restitution, per victim, as required pursuant to 18 U.S.C. § 2259 for any conviction of an offense described in paragraphs II(a) and II(b) above.

(C)     The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office.  The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the

3



Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)     The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed.   The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein.   The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     **Waiver of Appeal Rights and Right of Collateral Attack:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of

4



sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H)     Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter

5



which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(J)      Defendant understands, and has fully discussed with defendant's attorney, that concerning Count Two the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community. Defendant agrees that the total amount of restitution reflected in this Plea Agreement results from Defendant's conduct as described in the indictment to which the Defendant is entering a plea of guilty.

(K)      Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Georgia following release from prison, he will be subject to the registration requirements of OCGA § 42-1-12 et seq., or if in another state to any reporting or registration requirements in that state. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

6



As a condition of supervised release, defendant shall initially register with the state sex offender registration in Georgia, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

(N)     Defendant agrees that any restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Financial Litigation Unit (FLU), United States Attorney's Office, of any



interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this plea agreement until the fine or restitution is paid in full.

The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the FLU, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)     That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant.  The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count Two of the Indictment.

(B)     If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility.  The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting

8



statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

On January 18, 2019, Georgia Bureau of Investigation (GBI) Special Agent (SA) Haylee Peacock received a cybertip from the National Center for Missing and Exploited Children (NCMEC). That cybertip had originated with a report created by Facebook, Inc. who had

9

forwarded the report to NCMEC on January 18, 2019. The report details Child Sexual Abuse Material (CSAM) that had been communicated between two Facebook users between on or about January 6, 2019, and January 14, 2019: (1) C.M., a purported thirteen (13) year old girl [subsequently identified as Anthony Sparks Brown, the Defendant], and (2) N.I., a fifty-seven (57) year old adult male.

Facebook, Inc. is a company headquartered in Menlo Park, California, with data centers located throughout the United States, and across the globe.

From the NCMEC report, SA Peacock identified that IP Address 72.198.131.156 was associated with the "C.M." Facebook account on January 17, 2019 at 2:24:23 UTC. Further investigation revealed that IP Address 72.198.131.156 was maintained by Cox Communications.

On January 25, 2019, SA Peacock served a subpoena for records from Cox Communications for IP Address 72.198.131.156 that was associated with the "C.M." Facebook account on January 17, 2019 at 2:24:23 UTC. The records were returned on March 10, 2019, and revealed the following subscriber results: Intown Suites, 1459 Eisenhower Pkwy, Macon, GA, 31206.

As part of this investigation, SA Peacock sought content records from Facebook, Inc. for records associated with the account "C.M." On March 13, 2019, SA Peacock reviewed those returns in full. SA Peacock noted that the majority of the logins for the C.M. Facebook account stemmed from IP Address 72.198.131.156.

In reviewing the records, SA Peacock noted that throughout C.M.'s conversations, she was sending out pictures that were supposed to be of C.M., but depicted two completely different girls.



One of the individuals appears to be a 12-14 year old light-skinned black female (JANE DOE #1). The other female is a slightly older, pubescent, light-skinned black female (JANE DOE #2).

SA Peacock reviewed several conversations between "C.M." and a number of other individuals, from September 2018 until June 2019, that contained offenses involving the possession, distribution, and production of child pornography.

On November 3, 2018, for example, the Defendant began chatting with a female who SA PEACOCK believes is JANE DOE #1. This individual is believed to be the "real" C.M. whom the Defendant, Anthony Sparks Brown, was impersonating in several Facebook conversations.

The Defendant, employing the C.M. account, represented to VICTIM C.M. that she is twelve (12) years old. During their conversation, the Defendant sends VICTIM C.M. numerous pictures, including nude and sexually explicit pictures, of VICTIM C.M., to which VICTIM C.M. asks the Defendant how they can see her stuff.

The Defendant then threatens VICTIM C.M. stating that he was sure that she didn't want her parents to see the images. The Defendant then proposes they make a deal whereby in exchange for VICTIM C.M.'s Facebook log in information, the Defendant would refrain from sending out her explicit photos. VICTIM C.M. complies and sends her credentials to the Defendant.

Once the Defendant acquires VICTIM C.M.'s Facebook log in information, he then begins soliciting VICTIM C.M. for sexually explicit videos and images. At one point in the conversation, the Defendant orders VICTIM C.M. to go into the bathroom and send him a picture of her "ass" and "pussy." VICTIM C.M. sends the Defendant a video in response.

11



Later that same day, the Defendant asks VICTIM C.M. to send him a picture of what she was wearing to include a full picture of her face. As the conversation progresses, the Defendant has VICTIM C.M. take off more and more clothing.

The Defendant then asks for a video of her ass and a video of her rubbing her pussy. VICTIM C.M. complies with all of his requests, including sending images of a minor engaged in sexually explicit conduct. At any time she displayed hesitancy, the Defendant threatens to post sexually explicit images of VICTIM C.M. to her Instagram and Facebook accounts.

On March 26, 2019, SA Peacock served subpoenas on Facebook, Inc. related to the several accounts, including the one belonging to VICTIM C.M.

Based on the information contained in the returns, SA Peacock was able to identify C.M., a minor female residing in Springfield, Tennessee, as a person of interest. On June 20, 2019, SA Peacock, a Tennessee Bureau of Investigation (TBI) Special Agent, and a Springfield, Tennessee, Police Detective, went to a residence in Springfield, Tennessee. At that residence, they encountered C.M., a twelve year old female, and her mother. The mother was asked if she would consent to C.M being forensically interviewed for the purposes of this investigation.

On June 21, 2019, C.M. was forensically interviewed at the Robertson County Child Advocacy Center, in Springfield, Tennessee. SA Peacock showed C.M.'s mother a series of the images recovered from the Facebook chats, and the mother confirmed the pictures were taken in her residence. During her forensic interview, C.M. confirmed the accuracy of the conversations between her and the Defendant. She was also shown a series of the images that were exchanged between the Defendant, and other Facebook users, and the victim confirmed those were sexually explicit images of her that she had taken. She confirmed she had sent some of the images to the Defendant, under duress.



On July 9, 2019, SA Peacock went to the Intown Suites hotel in Macon to follow up on the subscriber records for IP Address 72.198.131.156 that resolved to the Intown Suites. SA Peacock met with hotel manager Kimball McGee, who informed SA Peacock that he had one employee, Anthony Sparks Brown, the Defendant, who works at, and resides in, the hotel. McGee said Brown had worked for the hotel for over two years, and that he resides with his girlfriend Amber Chastain.

On July 11, 2019, SA Peacock obtained a Bibb County Superior Court warrant to execute at 1459 Eisenhower Parkway, Macon, for the Defendant's premises and person, as well as his vehicle.

The warrant was executed at 9:25 a.m. on July 12, 2019. The Defendant was encountered in the hotel room and stated he was the only occupant.

At approximately 9:37 a.m. that same day, SA Peacock interviewed the Defendant at the Intown Suites hotel. Prior to any questioning, SA Peacock read the Defendant his Miranda Rights, and the Defendant indicated he understood his rights and was willing to talk to SA Peacock. The Defendant signed a Waiver of Rights Form. The interview was audio recorded. The Defendant relayed the following: that he has been living and working at the Intown Suites for about 4 years. He stated that he only resides with his fiancé, Amber Chastain. In reference to C.M., the Defendant stated that he had met her on Instagram using his legitimate Instagram account. He said that she began following him, and after he found out her age in February 2019, he left her alone. The Defendant later admitted to learning her age was 13-14 and, despite this, continuing his sexual exploitation of her. The Defendant stated that he initially received some nude photographs of VICTIM C.M. on Instagram by just asking for them.

13



The Defendant then admitted to threatening her in order to receive her Facebook passwords, assuming her identity on Facebook, and chatting with her friends and family on that platform. He further admitted to using threats to coerce more sexually exploitative images and videos from VICTIM C.M., distributing those images to her friends/family, and selling some of the images to her uncle via Facebook/CashApp. The Defendant stated that C.M.'s uncle thought that he was talking to C.M. and sent "her" $45-$50 for her nude images. The Defendant denied selling child pornography to any other person.

The Defendant stated that he knew what he was doing was wrong, and he had just "lost his way."

The Defendant now admits that on or about November 3, 2018, in Macon, in the Middle District of Georgia, he did employ, use, induce, entice and/or coerce a minor who had not yet attained the age of eighteen (18) years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and knew or had reason to know that such visual depiction would be mailed or transported across state lines or in foreign commerce, or that the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, or that the visual depiction was mailed or actually transported across state lines or in foreign commerce.

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 31st day of March , 22

PETER D. LEARY
UNITED STATES ATTORNEY

BY: _____ for _____
ALEX KALIM
ASSISTANT UNITED STATES ATTORNEY

I, Anthony Sparks Brown, have read this agreement and had this agreement read to me by my attorney, Timothy Saviello.  I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

ANTHONY SPARKS BROWN
DEFENDANT

I, Timothy Saviello, attorney for Defendant Anthony Sparks Brown, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant.  I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial.  I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant.  To the best of my knowledge and belief, Defendant understands this agreement.

**TIMOTHY R. SAVIELLO**
ATTORNEY FOR DEFENDANT