UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | CRIM. NO. 5:21-CR-69 |
| : | |
| ANTHONY SPARKS BROWN, : | |
| : | |
| Defendant. : | |
| _____: | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR DOWNWARD VARIANCE**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and files this response to Defendant's Motion for a Downward Variance.  Docs. 30, 34.

**I.      Procedural History and Presentence Report (PSR) Findings**

Defendant Brown was indicted on December 14, 2021, and charged in a three count Indictment with production of child pornography in violation of 18 U.S.C. § § 2251(a) and (e), distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B).  Doc. 1.  Brown entered a plea of guilty to Count Two of the Indictment on March 31, 2022.  Docs. 25-27. A draft presentence report (PSR) was prepared and filed on June 14, 2022.  Doc. 30.

In calculating the advisory guideline range, the probation officer determined that Brown's base offense level pursuant to U.S.S.G. § 2G2.2(a)(2) is an offense level 22.  PSR ¶ 35.   The probation officer further assessed, in addition to others, two salient specific offense characteristics germane as to the Defendant's Motion for Downward Variance and subject to the Objections filed in the same document:

+ 2 levels for material involving prepubescent minors not attaining 12 years of age;

+2 levels for use of a computer;

PSR ¶ 36, 40.

After a reduction for acceptance of responsibility, Brown's total offense level is 44 with an advisory guideline range of 240 months. PSR ¶ 70.

On July 6, 2022, the Defendant filed a Motion for a Downward Variance and Objections to the Draft PSR. Doc. 31. On July 8, 2022, Defendant filed an amended sentencing memorandum clarifying that he did not object to any of the enhancements in the PSR, but was still advocating for a motion for downward variance. Doc. 34.

**II.     Response to Defendant's Motion for Downward Variance**

   a.   Enhancements Pursuant to U.S.S.G. § 2G2.2(b)(2); U.S.S.G. § 2G2.2(b)(6)

Brown claims that the assessment for the two additional levels for use of a computer pursuant to U.S.S.G. § 2G2.2(b)(6), and the two additional levels for possession of child pornography involving victims who have not attained 12 years of age pursuant to U.S.S.G. § 2G2.2(b)(2), are substantively unreasonable. Brown asserts the assessment of these specific offense characteristics are unreasonable because they apply in almost every child pornography case and that they result in disparate sentences.

In support of this contention, Brown points to reports from the United States Sentencing Commission recommending numerous changes to the child pornography advisory guidelines.

Brown maintains that since Congress has failed to act, the Court should ignore the aforementioned guideline sections and downward vary from the current advisory guideline range. Brown's argument is without merit.

In *United States v. Cubero,* the Eleventh Circuit determined that the Sentencing Commission Report does not render the proposed advisory guideline range "invalid or illegitimate." *United States v, Cubero*, 754 F.3d 888, 900 (11th Cir. 2014). The court in *Cubero* considered the defendant's argument regarding the 2013 Sentencing Commission Report and determined that the report, while it can be considered, does not invalidate U.S.S.G. § 2G2.2 and that a district court's application of

U.S.S.G. § 2G2.2 does not render a sentence adjudicated under this section as procedurally or substantively unreasonable. *Id*.

In *Cubero,* the Court determined that so long as the district court accurately calculated the advisory guideline range, recognized it had a discretion to make a variance, considered the statutory sentencing factors, imposed a guideline sentence supported by 18 U.S.C. § 3553(a) factors, and adequately explained the sentence imposed, that any sentence imposed by the court would be procedurally and substantively reasonable.

### III.     Conclusion

The Government therefore asserts that Brown's Motion for Downward Variance be denied in whole or in part, as the district court has accurately calculated the advisory guideline range, pursuant to the current version of the Sentencing Guidelines, and correctly calculated the applicable sentencing enhancements that pertain to the Defendant's offense conduct.

Respectfully submitted this 11th day of July, 2022.

<div style="margin-left: 40%;">

PETER D. LEARY
UNITED STATES ATTORNEY

BY:     *s/ Alex Kalim*
ALEX KALIM
Assistant United States Attorney
Maryland Bar Number: 1506160160
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Fax: (478) 621-2655
E-mail:  alex.kalim@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

    I, ALEX KALIM, Assistant United States Attorney, hereby certify that I electronically filed the within and foregoing ***Response to Defendant's Motion for Downward Variance*** by electronically filing said motion with the Clerk of the Court using the CM/ECF system.

    Respectfully submitted, this 11th day of July, 2022.

                                                     PETER D. LEARY  
                                                    UNITED STATES ATTORNEY

                  BY:    <u>*s/ Alex Kalim*</u>  
                                ALEX KALIM  
                                Assistant United States Attorney  
                                Maryland Bar Number: 1506160160  
                                United States Attorney's Office  
                                Middle District of Georgia  
                                Post Office Box 1702  
                                Macon, Georgia 31202-1702  
                                Telephone: (478) 752-3511  
                                Fax: (478) 621-2655  
                                E-mail:  alex.kalim@usdoj.gov